IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANCIS TRUCKING, INC., a Utah corporation,<br><br>                Plaintiff,<br><br>v.<br><br>SHAWN FRANCIS, an individual and SHAWN FRANCIS TRUCKING, INC., a Utah corporation,<br><br>                Defendants.<br><br>SHAWN FRANCIS, an individual and SHAWN FRANCIS TRUCKING, INC., a Utah corporation,<br><br>                Counterclaimants and Third-Party Defendants,<br><br>v.<br><br>FRANCIS TRUCKING, INC., a Utah corporation, JUSTIN FRANCIS, an individual, SHANE FRANCIS, an individual, and MARSHA FRANCIS, an individual,<br><br>                Counterclaim Defendant and Third-Party Defendants. | **ORDER AND MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS (ECF NO. 28) AND DEFENDANTS' MOTION TO ADD ADDITIONAL PARTIES (ECF NO. 39)**<br><br>Case No. 1:22-cv-00088-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

      There are two pending motions before the court. The first is Plaintiff and Counterclaim Defendant Francis Trucking, Inc.'s Motion to Strike and Dismiss Defendants' Counterclaims. ECF No. 28 (Mot. Dismiss). The second is the Provisional Motion of Shawn Francis and Shawn Francis Trucking, Inc. to Add Marsha Francis, Shane Francis, and Justin Francis as Defendants to Various Counterclaims. ECF No. 39 (Mot. Add Additional Parties). The court concludes oral argument on these motions is unnecessary, and issues this ruling after careful consideration of the

1

parties' briefing and relevant legal authorities. For the reasons stated below, the court grants Francis Trucking, Inc.'s (FTI) Motion to Dismiss as it relates to the state law counterclaims. It also grants in part and denies in part FTI's Motion to Strike Shawn Francis and Shawn Francis Trucking, Inc.'s (SF Trucking; collectively, "Shawn Francis") declaratory relief counterclaim. Finally, the court denies Shawn Francis' Motion to Add the Additional Parties.

I.  **Background.**

This case, as framed by FTI, arises out of Shawn Francis' infringement of FTI's service marks. See Compl., ECF No. 2 at ¶ 1.[1] FTI is a Utah-based transportation and trucking company. Answer & Countercls., ECF No. 16 at ¶ 11 (of Answer). Jack Francis founded FTI in 1993, id., and he died in 2006, id. at ¶ 29 (of Countercls.). Jack[2] was Shawn's father. Id. at ¶ 11 (of Countercls.). Shawn used to work for FTI. See, e.g., id. at ¶ 30 (of Countercls.). SF Trucking is Shawn's company. Id. at ¶ 24 (of Answer).

FTI has used the following marks, collectively the "Alleged Marks," in connection with trucking or transportation services: "Francis Trucking," "Francis Transportation," "Francis Diesel," and two logos that include a stylized cattle brand with connected initials "JF" inside a horseshoe. Id. at ¶ 14 (of Answer) (admitting FTI has used these designs, which are listed and

---

[1] In ruling on FTI's Motion to Dismiss, this court would typically exclusively draw facts from Shawn Francis' Answer and Counterclaim. See Olave v. Am. Fam. Mut. Ins. Co., S.I., No. 21-CV-02908, 2022 WL 2817630, at *7 n.1 (D. Colo. July 18, 2022), R&R adopted, 2022 WL 3280156 (D. Colo. Aug. 11, 2022) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Hartford Life & Accident Ins. Co. v. Jones-Atchison, No. 20-6135, 2021 WL 4258761, at *2 (10th Cir. Sept. 20, 2021) (unpublished)). However, for purposes of providing a complete factual background, the court draws certain background facts, as necessary, from FTI's Complaint. For purposes of deciding the motions at hand the court presumes the facts alleged in the Counterclaims are true. See id. (citing Jones-Atchison, 2021 WL 4258761, at *2).
[2] For ease of reference, the court generally refers to the parties by their first names. However, it does not follow this convention when it uses "Shawn Francis" to collectively refer to both Shawn (the individual) and SF Trucking (the company).

described in paragraph 14 of the Complaint). FTI alleges Shawn and his company have been infringing on FTI's service marks by adding "Shawn" or "Shawn Francis" above the FTI mark and then using the resulting design to compete with FTI. Compl., ECF No. 2 at ¶¶ 23–26. FTI says Shawn Francis refuses to cease and desist, even after FTI demanded they stop. See Answer & Countercls., ECF No. 10 at ¶ 11 (of Answer) (admitting FTI purports to demand this). FTI brings three claims against Shawn Francis: (1) a Lanham Act claim for service mark infringement, false designation of origin, false advertising and unfair competition under 15 U.S.C. § 1125(a); (2) a claim for unfair and deceptive trade practices under Utah Code § 13-11a-3; and (3) a Utah common law claim for unfair competition and service mark infringement. Compl., ECF No. 2 at ¶¶ 47–62.

Shawn Francis denies FTI's allegations, and counterclaims against FTI and three individuals: Marsha Francis, Justin Francis, and Shane Francis (these three individuals are the "Additional Parties"). Answer & Countercls., ECF No. 16. Marsha was Jack's wife. Id. at ¶ 29 (of Countercls.). Although neither the Complaint nor the Counterclaims explain Justin or Shane's identities, FTI's Motion to Dismiss reveals that they are Shawn's brothers and Marsha's sons, and that Justin is an FTI employee. Mot. Dismiss, ECF No. 28 at 10. Shawn Francis confirms Justin and Shane are his brothers. Opp. Motion to Dismiss, ECF No. 38 at 5.

About the trademark issue at the heart of the Complaint, Shawn Francis says that beginning in 1995, Jack and FTI knew about, and consented to, Shawn's use of the "Shawn Francis Design." See Answer & Countercls., ECF No. 16 at ¶¶ 15, 27 (of Countercls.). It includes the stylized cattle brand used by FTI and the name "Francis" with "Shawn" placed above it. Id. at ¶¶13–15 (of Countercls.). Shawn alleges that from 1997 until he was fired from FTI on November 29, 2021, FTI did not complain about the use of the Shawn Francis Design on

any of Shawn or his company's trucks, that during that time the Shawn Francis Design came to be associated with Shawn and his company, and that they developed valuable goodwill and rights in that mark.  Id. at ¶¶ 38–39 (of Countercls.).

Shawn Francis' counterclaims, and the allegations that support these counterclaims, extend far beyond responding to FTI's trademark claim, and pull a lengthy and contentious family dispute before the court.  For example, Shawn alleges not only that his use of the Shawn Francis Design had been ignored by FTI and Jack, but also that a week before Jack's death, Jack asked Shawn to help run part of FTI, and he (Shawn) agreed to do so.  Id. at ¶ 29 (of Countercls.).  Around that time, Marsha agreed on behalf of herself and FTI to have Shawn work for FTI without retirement contributions, bonuses, or raises, because he would inherit FTI or be allowed to purchase its construction and dirt hauling business at a discount as part of his compensation for helping run and save it.  Id. at ¶ 32 (of Countercls.).  She also agreed, on behalf of herself and FTI, that while Shawn would be working for FTI, he and SF Trucking would continue with their independent business, with the dump truck at issue in the counterclaims sometimes being used on a "lease" basis to haul loads arranged by FTI.  Id. at ¶ 31 (of Countercls.).  Shawn worked at FTI under these terms for 15 years.  Id. at ¶ 33 (of Countercls.).  On November 15, 2021, after extended discussions, Marsha provided him with a written term sheet that would have sold him FTI at a substantial discount, as they had previously agreed.  Id. at ¶ 35 (of Countercls.).  Shawn signed the term sheet and returned it to Marsha.  Id. at ¶ 36 (of Countercls.).  Two weeks later, FTI fired him without cause or notice, and Marsha, Justin, and Shane then defamed him and cut him out of FTI's business, unjustly enriching themselves.  See id. at ¶¶ 37, 40–43, 77–94 (of Countercls.).

Shawn Francis brings one federal claim and six state law claims against FTI and the Additional Parties. The federal claim is a claim for declaratory relief under 28 U.S.C. § 2201. Id. at ¶¶ 44–48 (of Countercls.). The state law claims are: (1) quiet title to a dump truck under Utah Code Ann. § 78B-6-1301, id. at ¶¶ 49–53 (of Countercls.); (2) defamation, id. at ¶¶ 54–66 (of Countercls.); (3) tortious interference with economic relations, id. at ¶¶ 67–76 (of Countercls.); (4) breach of contract, id. at ¶¶ 77–84 (of Countercls.); (5) unjust enrichment, id. at ¶¶ 85–94 (of Countercls.); and (6) civil conspiracy, id. at ¶¶ 95–100 (of Countercls.).

## II. The Court Grants in Part, and Denies in Part, FTI's Motion to Dismiss and Strike.

FTI moves to dismiss Shawn Francis' counterclaims. Mot. Dismiss, ECF No. 28.[3] It argues the state law counterclaims should be dismissed as the court lacks jurisdiction over them, that the declaratory judgment counterclaim should be stricken as redundant, and that the counterclaims against the Additional Parties are a pleading unrecognized by the rules of civil procedure. Shawn Francis opposes dismissal, arguing that the court has jurisdiction over the state law counterclaims, that the declaratory judgment counterclaim is not wholly redundant, and that the Additional Parties' joinder was procedurally proper. Opp. Mot. Dismiss, ECF No. 38.

### a. The Court Dismisses Shawn Francis' Six State Law Counterclaims Without Prejudice.

"[I]f a party alleges a . . . federal claim, a district court obtains subject matter jurisdiction and may, in its discretion, exercise supplemental jurisdiction over related state law claims. Once subject matter jurisdiction exists, a district court has constitutional authority to hear related state claims." United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1222 (10th Cir.

---

[3] FTI also replied to support its motion. Reply Mem. Supp. Mot. Strike and Dismiss, ECF No. 45. Marsha, Shane, and Justin joined FTI's Motion to Dismiss. Notice of Joinder, ECF No. 33.

2000), aff'd, 532 U.S. 588 (2001).  The parties dispute whether the court should exercise supplemental jurisdiction over Shawn Francis' six state law counterclaims.

In deciding whether to exercise supplemental jurisdiction over the state law counterclaims, the court "notes that it is a court of limited jurisdiction and that this limitation is based on 'important values of federalism and separation of powers.'"  Sethunya v. Monson, No. 2:12-CV-454, 2013 WL 65471, at *4 (D. Utah Jan. 4, 2013) (quoting Est. of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1164 (10th Cir. 2004)).  The court requires constitutional and statutory authority to adjudicate a case.  Est. of Harshman, 379 F.3d at 1164.  To that end, Congress has provided that,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  In doing so, Congress was "seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction."  Est. of Harshman, 379 F.3d at 1164.  These values are vindicated when federal courts retain jurisdiction where state and federal claims "derive from a common nucleus of operative fact."  Id. at 1165 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Here, the state law counterclaims have a loose connection with FTI's federal claim, as both emerge from disputes within the Francis family about the family business.  But these counterclaims also take the court far afield from the trademark-related issues central to FTI's federal claim.  As a result, the court has at least some doubt that the state and federal claims share a common nucleus of operative fact, and consequently that the court possesses supplemental jurisdiction over the state law counterclaims.  See Vox Mktg. Grp. v. Prodigy Promos, 556 F. Supp. 3d 1280, 1290 (D. Utah 2021).  However, even if the court has

6

supplemental jurisdiction over the state law counterclaims, it declines to exercise this jurisdiction as the state law claims substantially dominate over the federal claim. See id.

In addition to granting supplemental jurisdiction to the federal courts, Congress has granted courts the discretion to decline to exercise it. "[E]ven where a 'common nucleus of operative fact' exists, federal jurisdiction is not mandatory over pendent claims or parties." Young v. Young, No. 2:17-CV-00082, 2018 WL 4643003, at *3 (D. Utah Sept. 27, 2018) (quoting Est. of Harshman, 379 F.3d at 1165). "This is because 'supplemental jurisdiction is not a matter of the litigants' right, but of judicial discretion.'" Id. (quoting Est. of Harshman, 379 F.3d at 1165); see also Ames v. Miller, 247 F. App'x 131, 135 (10th Cir. 2007) (unpublished)[4] (quoting United Int'l Holdings, Inc., 210 F.3d at 1220) ("Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts.").

Courts can decline to exercise supplemental jurisdiction over a claim "if the claim 'raises a novel or complex issue of State law' or 'substantially predominates over the claim or claims over which the district court has original jurisdiction' or if the Court 'has dismissed all claims over which it has original jurisdiction.'" Sethunya, 2013 WL 65471 at *4 (quoting 28 U.S.C. § 1367(c)); see also Mabey v. Ray, No. 4:18-CV-00061, 2019 WL 962183, at *3 (D. Utah Feb. 4, 2019), R&R adopted, 2019 WL 955238 (D. Utah Feb. 27, 2019). At issue here is whether the state law claims substantially predominate. To determine this,

> courts focus on whether there exists "a substantial quantity of evidence needed to support the state claims that is not relevant to the federal claims"; whether the state claims predominate substantially with regards to the "comprehensiveness of the remedy sought"; and "whether the scope of the issues raised in the state claims shows that those issues predominate over the issues relevant to the federal claims."

---

[4] Unpublished decisions are cited for persuasive value. Fed. R. App. 32.1; DUCivR 7-2(a)(2).

7

Id. (quoting The Arc of The Pikes Peak Region v. Nat'l Mentor Holdings, Inc., No. 10-CV-01144, 2011 WL 1047222, at *3 (D. Colo. Mar. 18, 2011)). "The substantially predominate standard of § 1367(c)(2) is not satisfied simply because the number of state claims is more than the number of federal claims." Nat'l Mentor Holdings, Inc., 2011 WL 1047222, at *3. So, it is not dispositive that Shawn Francis brings six state law counterclaims and one federal law counterclaim in response to FTI's single federal claim.[5] Similarly, state law claims do not substantially predominate when the state claims are based on the same background, factual allegations, and course of conduct as the federal claim conferring jurisdiction on the federal court. See Pae v. City of Lawton, No. CIV-16-1198, 2017 WL 168910, at *2 (W.D. Okla. Jan. 17, 2017). That is not the case here, however. The state claims are based on the same background insofar as they are about the same family business, but the state claims are based on very different allegations and a far wider swath of conduct related to that business than the federal claim. See Nat'l Mentor Holdings, Inc., 2011 WL 1047222, at *4 (finding no predominance where state and federal claims were based on the same alleged course of conduct and injuries). Although some of the issues raised by the state-law claims overlap with the federal infringement claim, the state-law claims all raise other, more numerous issues. See Vox Mktg. Grp., 556 F. Supp. 3d at 1290. Moreover, Shawn Francis seeks relief that is different from, and goes far beyond, that sought by FTI on its federal claim. As a result, the court declines to exercise supplemental jurisdiction over any of the state law counterclaims. It dismisses them without prejudice. Young, 2018 WL 4643003, at *3 (quoting Gibbs, 383 U.S. at 715).

---

[5] FTI also brings two state law claims. Compl., ECF No. 2 at ¶¶ 47–62.

i. <u>The Court Declines to Exercise Supplemental Jurisdiction Over the Quiet Title to Dump Truck State Law Counterclaim.</u>

The first state law counterclaim is an action of quiet title against FTI. Answer & Countercls., ECF No. 16 at ¶¶ 49–53 (of Countercls.). Shawn Francis seeks to quiet the title of a dump truck he says is nominally titled in the name of FTI, but owned by himself and that he purchased over a quarter-century ago with Jack's help. <u>Id.</u> at ¶¶ 16–18 (of Countercls.). However, use, not ownership, is what FTI must prove to succeed on its infringement claim. <u>1-800 Contacts, Inc. v. Lens.com, Inc.</u>, 722 F.3d 1229, 1242 (10th Cir. 2013) (stating that an element of a Lanham Act infringement claim is "that the defendant has <u>used</u> an identical or similar mark in commerce." (emphasis added)). Who <u>owns</u> the dump truck—even if the dump truck was being used to display an infringing mark—is of no matter to the infringement claim. Particularly in the context of the long and apparently convoluted history of the dump truck's ownership, assessing this claim will significantly broaden the dump truck-related issues before the court and bring a substantial quantity of evidence irrelevant to the federal claim before it.

The remedy Shawn Francis seeks in relation to this claim is also more comprehensive than the remedy FTI seeks on its federal claim. FTI seeks remedies that prevent and address improper usage of FTI's marks. Compl., ECF No. 2 at ¶¶ a–c. With the request to clarify title of large, valuable physical property, Shawn Francis greatly expands not only the evidence before the court, but also the remedies at issue. Due to the quiet title claim's substantial predominance, the court declines to exercise supplemental jurisdiction over this counterclaim.

ii. <u>The Court Declines to Exercise Supplemental Jurisdiction Over the Defamation State Law Counterclaim.</u>

The second state law counterclaim is for defamation, brought against FTI, Marsha, and Justin. Answer & Countercls., ECF No. 16 at ¶¶ 54–66 (of Countercls.). It alleges they made

9

two types of defamatory statements: "Embezzlement Statements" and "Law Enforcement Reports." Id. at ¶ 55 (of Countercls.). The "Embezzlement Statements" allegations are that "After Shawn Francis was terminated [from FTI], Marsha Francis and Justin Francis on multiple occasions falsely and maliciously stated to multiple people that Shawn Francis had embezzled money from Francis Trucking, falsely and maliciously asserting that Shawn Francis had embezzled over $1 million from Francis Trucking in order to buy his own vehicles." Id. at ¶ 40 (of Countercls.). These statements were "made to a[t] least one supplier of Shawn Francis and SF Trucking, who stopped doing business with them for a time, and . . . to customers and/or potential customers of Shawn Francis and SF Trucking." Id. at ¶ 41 (of Countercls.). They were also "repeated in the 'pits' of a customer and made their rounds among drivers, loader operators, scale house workers, suppliers and others." Id. at ¶ 42 (of Countercls.). The "Law Enforcement Reports" allegations are that Marsha "falsely and maliciously reported to law enforcement in Brigham City that Shawn Francis had stolen a computer from Francis Trucking knowing he had no[t] done so. Similarly, in July 2022, Justin Francis falsely and maliciously stated to law enforcement that Shawn Francis had stolen the Dump Truck from Francis Trucking, knowing full well that Shawn Francis owned it." Id. at ¶ 43 (of Countercls.).

To state a defamation claim, a plaintiff must show defendants published the statements about him, "that the statements were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage." Wayment v. Clear Channel Broad., Inc., 2005 UT 25, ¶ 18 n.2, 116 P.3d 271, 278. To evaluate such a claim, a court must examine the statements and the context in which they were made. See West v. Thomson Newspapers, 872 P.2d 999, 1009 (Utah 1994). Because neither type of defamatory statement appears to touch on trademark infringement, the evidence needed

10

to support this counterclaim is not only voluminous, incorporating both statements and context, but also irrelevant to FTI's federal claim.

The state law defamation claim also predominates in terms of the comprehensiveness of the remedy sought. Although both FTI and Shawn Francis seek notification-related relief, Shawn Francis' request is far broader than FTI's.[6] FTI's requested relief is narrow, both in terms of who should receive the requested remedial notice (Defendants' direct customers, agents, and representatives, Compl., ECF No. 2 at ¶ b), and in terms of the subjects that should be covered (a notification that Defendants' "products and services are not authorized, sanctioned, or endorsed by, or otherwise connected with [FTI]," id.). Shawn Francis' requested relief is not similarly narrow. It does not specify who should receive the notice, requesting instead the publication of a retraction "reasonably calculated" to accomplish its corrective goal. Answer & Countercls., ECF No. 16 at ¶ 5 (of Prayer for Relief). Relief that adequately does so would necessarily be broad, as, for example, Shawn Francis alleges the statements hurt him and his company "in the estimation of the community and [their] present and potential customers, contractors, employees, suppliers and/or others doing business with Shawn Francis and SF Trucking." Id. at ¶ 62 (of Countercls.). Shawn Francis's demand is also broad in terms of the subjects a retraction should cover, as he requests a retraction of the "Defamatory Statements." Id. at ¶ 5 (of Prayer for Relief). These statements include a broad, ill-defined swath of conduct, including statements "on multiple occasions" to "multiple people" that Shawn embezzled from FTI, id. at ¶ 40 (of Countercls.), and at least two false reports made to law enforcement, id. at ¶ 43 (of Countercls). As a result, the defamation claim substantially predominates and the court declines to exercise supplemental jurisdiction over this counterclaim.

---

[6] Shawn Francis also seeks exemplary and punitive damages on this counterclaim. Id. at ¶ 66.

11

### iii. The Court Declines to Exercise Supplemental Jurisdiction Over the Tortious Interference with Economic Relations State Law Counterclaim.

The third state law counterclaim is for tortious interference with economic relations, brought against Francis Trucking, Marsha, and Justin. Answer & Countercls., ECF No. 16 at ¶¶ 67–76 (of Countercls.). It alleges they tortiously interfered by making the Defamatory Statements and by wrongfully refusing to sign over the dump truck's title. Id.

The elements of a tortious interference with economic relations claim are "1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, 2) by improper means, and 3) causing injury to the plaintiff." AH Aero Serv., LLC v. Heber City, No. 2:17-CV-1118, 2018 WL 2723883, at *9 (D. Utah June 6, 2018) (citing Eldridge v. Johndrow, 2015 UT 21, ¶ 13, 345 P.3d 553, 556). Because the alleged interference is tied to the Defamatory Statements and title to the dump truck, rather than to infringement or service mark issues, the evidence needed to establish these elements is, at most, tangentially relevant to the federal claim. Considering this counterclaim would significantly broaden the scope of the issues before the court in this litigation. In asking for "exemplary and punitive damage" on this counterclaim, Answer & Countercls., ECF No. 16 at ¶ 76 (of Countercls.), Shawn Francis also seeks a more comprehensive remedy than FTI seeks on its federal claim. Consequently, the tortious interference with economic relations claim predominates over the federal infringement claim, and the court declines to exercise its supplemental jurisdiction over this counterclaim.

### iv. The Court Declines to Exercise Supplemental Jurisdiction Over the Breach of Contract State Law Counterclaim.

The fourth state law counterclaim is for breach of contract against Marsha. Id. at ¶¶ 77–84 (of Countercls.). It alleges she anticipatorily repudiated or breached an enforceable contract to sell Francis Trucking to Shawn by, among other things, participating in Shawn's firing from

FTI, refusing to engage in the transaction under the contract, and/or agreeing to the same deal with Justin and/or Shane for FTI's purchase and sale.  Id. at ¶¶ 80–81 (of Countercls.).

The "elements of a breach of contract claim are '(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.'"  Hiatt v. Brigham Young Univ., 512 F. Supp. 3d 1180, 1184 (D. Utah 2021) (quoting Am. W. Bank Members, L.C. v. State, 2014 UT 49, ¶ 15, 342 P.3d 224).  Here, the contract was "for the . . . sale of the dirt and shop operations of Francis Trucking from Marsha Francis . . . to Shawn Francis."  Francis Trucking Sale Proposed Terms Sheet v6, Answer & Countercls. Ex. C, ECF No. 16-3 at 2.  At most, this contract glances off the issue of trademark use and ownership.  See id.  As a result assessing if a valid contract exists and if it was breached would require voluminous evidence irrelevant to the federal claim.  The remedy sought for this breach of contract—an order of specific performance requiring Marsha to sell Francis Trucking to Shawn in accordance with the Purchase and Sale Contract, Answer & Countercls., ECF No. 16 at ¶ 6 (of Prayer for Relief)—is also far more comprehensive than what FTI seeks on its federal claim.  Like the other state law counterclaims, this counterclaim predominates over the federal claim and the court declines to exercise jurisdiction over the breach of contract counterclaim.

   v. <u>The Court Declines to Exercise Supplemental Jurisdiction Over the Unjust Enrichment State Law Counterclaim.</u>

The fifth state law counterclaim is for unjust enrichment, brought against FTI, Marsha, Justin, and Shane.  Answer & Countercls., ECF No. 16 at ¶¶ 85–94 (of Countercls.).  It alleges FTI obtained Shawn's services for less than fair compensation, and that FTI and the Additional Parties were unjustly enriched when Shawn was blocked from buying FTI.  Id. at ¶¶ 86–90.

"An unjust enrichment claim has three elements: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the

13

acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.'" Howard v. Manes, 2013 UT App 208, ¶ 30, 309 P.3d 279, 289 (quoting Rawlings v. Rawlings, 2010 UT 52, ¶ 29, 240 P.3d 754) (cleaned up). "Unjust enrichment occurs when a person has and retains money or benefits that in justice and equity belong to another; however, '[t]he fact that a person benefits another is not itself sufficient to require the other to make restitution.'" Hess v. Johnston, 2007 UT App 213, ¶ 21, 163 P.3d 747, 754 (quoting Fowler v. Taylor, 554 P.2d 205, 209 (Utah 1976)). "[O]fficiously or gratuitously furnished" benefits are not recoverable. Id. (quoting Jeffs v. Stubbs, 970 P.2d 1234, 1248 (Utah 1998)).

To support this counterclaim, Shawn Francis will need to show he conferred the benefit on FTI and the Additional Parties, that FTI and/or the Additional Parties knew of the benefit, and that their retention of the benefit would be inequitable. Moreover, if FTI or the Additional Parties assert that Shawn intended his efforts to be a gift when he gave them, he will need to rebut those assertions. Hess, 163 P.3d at 754. This would likely delve into decades-old Francis family history and go far beyond whether Shawn had permission to use the marks at issue. Answer & Countercls., ECF No. 16 at ¶¶ 29, 30, 32 (alleging Shawn and Marsha made their agreement shortly after Jack passed away in May 2006). This counterclaim pulls the details of a deathbed agreement between a mother, father, and son before the court, and asks the court to examine how that agreement played out in the fifteen years since it was made and what labor Shawn did, and did not, offer gratuitously to his family's business. As a result, this counterclaim dramatically expands the scope of the issues at hand, and pulls in a significant amount of evidence that is irrelevant to FTI's federal claim. It substantially predominates, and the court consequently declines to exercise supplemental jurisdiction over this counterclaim.

> vi. The Court Declines to Exercise Supplemental Jurisdiction Over the Civil Conspiracy State Law Counterclaim.

The sixth state law counterclaim is for civil conspiracy, brought against FTI, Marsha, and Justin. Answer & Countercls., ECF No. 16 at ¶¶ 95–100. It alleges these actors conspired with each other and engaged in overt acts in connection with and furtherance of their conspiracy, "including but not limited to the Defamatory Statements." Id. at ¶ 97.

"[C]ivil conspiracy requires proof of five elements by clear and convincing evidence: '(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.'" Pyper v. Reil, 2018 UT App 200, ¶ 16, 437 P.3d 493, 497 (quoting Pohl, Inc. of Am. v. Webelhuth, 2008 UT 89, ¶ 29, 201 P.3d 944 (cleaned up)). As noted above, the defamation allegations are not relevant to the infringement issue; as a result, a substantial quantity of evidence not relevant to the federal claim would be needed to support this conspiracy claim. The scope of the issues raised by the conspiracy claim—which pulls in fifteen years of FTI's intra-business dealings, and the actions and intents of Shawn's mother and brothers—also shows those issues predominate over the federal claim. Because of this predominance, the court declines to exercise supplemental jurisdiction over the civil conspiracy state law counterclaim.

"Whether viewed legally in terms of the number and complexity of the specific issues raised or practically in terms of real-world stakes, there can . . . be no doubt that each of the state-law claims 'substantially predominates over' the single and discrete federal claim 'over which the district court has original jurisdiction.'" Vox Mktg. Grp., 556 F. Supp. 3d at 1291. Trying the claims in the Complaint and those in the Counterclaims to separate tribunals would require the parties to present some of the same evidence twice, but because the state law counterclaims predominate, the court dismisses all six state law counterclaims without prejudice.

15

> b. <u>The Court Grants in Part, and Denies in Part, FTI's Request to Strike Shawn Francis' Declaratory Judgment Counterclaim.</u>

Shawn Francis' sole federal counterclaim is for declaratory judgment. Answer & Countercls., ECF No. 16 at ¶¶ 44–48 (of Countercls.). "The Declaratory Judgment Act provides that a court '<u>may</u> declare the rights and other legal relations of any interested party.'" <u>Atlas Biologicals, Inc. v. Kutrubes</u>, 50 F.4th 1307, 1329 n.6 (10th Cir. 2022) (quoting 28 U.S.C. § 2201(a) (emphasis added in <u>Kutrubes</u>). It does not say a court must do so, and "[t]his text has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" <u>Id.</u> (quoting <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 136 (2007)) (cleaned up).

FTI says this claim is redundant as a "mirror image" noninfringement counterclaim, and that it should be stricken. Mot. Dismiss, ECF No. 28 at 13–18. Under Federal Rule of Civil Procedure 12(f), the court may strike any redundant matter from a pleading. <u>Am. Gen. Life Ins. v. Bagley</u>, No. 2:13-CV-00089, 2013 WL 5916824, at *3 (D. Utah Nov. 4, 2013). Motions to strike are disfavored, are only granted under the rarest of circumstances, and regardless of whether a "moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion." <u>Skratch Labs LLC v. Delivery Native, Inc.</u>, No. 20-CV-1565, 2021 WL 1406021, at *2 (D. Colo. Apr. 14, 2021) (citing <u>Sierra Club v. Tri-State Generation & Transmission Ass'n</u>, 173 F.R.D. 275, 285 (D. Colo. 1997) and Fed. R. Civ. P. 12(f)). "[A] counterclaim seeking a declaratory judgment is not duplicative or redundant if it asserts an independent case or controversy which would remain viable after a dismissal of the plaintiff's claim.'" <u>Prograde Ammo Grp. LLC v. Perry</u>, No. 14-CV-00884, 2015 WL 1064266, at *3 (D. Colo. Mar. 9, 2015) (quoting <u>Ferring B.V. v. Fera Pharm. LLC</u>, 2014 WL 4829053 at *6 (E.D.N.Y. Aug. 13, 2014)). Nevertheless, "[m]ultiple

16

courts have dismissed so-called 'mirror image' noninfringement counterclaims in intellectual property actions." Id.  To assess redundancy, courts measure whether the counterclaim is redundant of a Defendant's affirmative defenses and a Plaintiff's affirmative causes of action.  Olave v. Am. Fam. Mut. Ins. Co., S.I., No. 21-CV-02908, 2022 WL 2817630, at *7 (D. Colo. July 18, 2022), R&R adopted, 2022 WL 3280156 (D. Colo. Aug. 11, 2022).

The first three declarations Shawn Francis seeks are mirror-images of FTI's affirmative causes of action.  Compare Compl., ECF No. 2 at ¶ 50, with Answer & Countercls., ECF No. 16 at ¶¶ 48(a) (of Countercls.) (Lanham Act claim); compare Compl., ECF No. 2 at ¶¶ 54–55, with Answer & Countercls., ECF No. 16, ¶ 48(b) (of Countercls.) (unfair or deceptive trade practices in violation of Utah Cod[e] Ann. § 13-11a-3); compare Compl., ECF No. 2 at ¶ 60, with Answer & Countercls., ECF No. 16, ¶ 48(c) (of Countercls.) (unfair competition or service mark infringement under Utah common law).  The fourth declaration Shawn Francis seeks is a mirror image of an affirmative defense.  Compare Answer & Countercls., ECF No. 16, ¶ 48(d) (of Countercls.) (asking for declaration that FTI has limited and non-exclusive rights in the marks, or has engaged in naked licensing of the marks, invalidating FTI's rights in them) with id. at 9 (of Answer) (asserting as sixth affirmative defense that FTI's claims are barred because its rights to the marks are either (a) limited and non-exclusive or, (b) have been lost due to naked licensing).  Consequently, the court exercises its discretion to dismiss the counterclaim for declaratory relief as to the four declarations sought in paragraph 48(a) through 48(d) of the Counterclaims.

Shawn Francis also requests a declaration from the court that "Shawn Francis and SF Trucking have the right to use the Shawn Francis Design, as well as the stylized version of the Cattle Brand that is part of the Shawn Francis Design, in connection with their Business, without interference by Francis Trucking." Id. at ¶ 48(e) (of Countercls.).  This declaratory relief does

17

not as closely mirror the affirmative causes of action or defenses and could usefully clarify Shawn Francis's affirmative ability to use the designs at issue going forward, thereby removing uncertainty. See Kissing Camels Surgery Ctr., LLC v. Centura Health Corp., No. 12-CV-3012, 2016 WL 8416760, at *7 (D. Colo. July 13, 2016) (observing that removing uncertainty going forward regarding parties' rights and duties is a "sound litigation reason[] to plead a mirror-image counterclaim"). There is, additionally, no indication that with this counterclaim Shawn Francis is trying to engage in "procedural fencing" or a "race to res judicata;" this weighs against striking this request for declaratory relief. Olave, 2022 WL 2817630, at *7. Further, FTI articulates no prejudice that it will suffer if this counterclaim remains. See id.

"'[T]he mere fact that [a claim] may be redundant does not require dismissal,' and even if the Counterclaim is redundant, the court concludes that 'it is too early at this stage to dismiss it.'" Id. (quoting Reddy v. Essentia Ins. Co., No. 21-cv-00433, 2021 WL 3742243, at *7 (D. Colo. Aug. 24, 2021), R&R adopted, 2022 WL 2287536 (D. Colo. Feb. 18, 2022)) (alterations in Reddy). FTI remains free to oppose declaratory relief after further development of the record. The court declines to exercise its jurisdiction to dismiss Shawn Francis' counterclaim for declaratory relief as to the fifth declaration, at paragraph 48(e) of the Counterclaims.

c. The Court Declines to Reach the Issue of Whether the Counterclaims are Unrecognized by the Rules of Civil Procedure.

Having dismissed the state law counterclaims as substantially predominating over the federal claim, the court declines to reach the issue of whether the counterclaims against Marsha, Shane, and Justin should be dismissed as a pleading unrecognized by the rules of civil procedure.

### III. The Court Denies Shawn Francis' Provisional Motion to Add the Additional Parties.

The second motion before the court is Shawn Francis' Motion to Join the Additional Parties. ECF No. 39. Both parties agree that if the court exercises supplemental jurisdiction

over the state law counterclaims, the Additional Parties can be added under Federal Rule of Civil Procedure 20.[7]  However, it is inappropriate to join parties to dismissed claims.  The only counterclaims brought against the Additional Parties are the state law counterclaims.  See Answer & Countercls., ECF No. 16 at ¶¶ 44–48 (of Countercls.) (bringing federal claim for Declaratory Relief against FTI, but not the Additional Parties).  As the court declines to exercise jurisdiction over the state law counterclaims, the court does not join the Additional Parties.

## IV.     Order.

Based on the above, the court **ORDERS** the following: the Motion to Dismiss is GRANTED as to Shawn Francis' state law counterclaims, which are dismissed without prejudice.  The Motion to Strike and Dismiss is GRANTED as to Shawn Francis' first four requests for declaratory relief (those at ¶ 48(a)–(d) of the Answer & Counterclaims), and these four requests for declaratory relief are dismissed without prejudice.  The Motion to Strike and Dismiss is DENIED as to Shawn Francis' fifth request for declaratory relief, at ¶ 48(e) of the Answer & Counterclaims.  Additionally, the court DENIES the Motion to Add Marsha Francis, Shane Francis, and Justin Francis as Defendants to Various Counterclaims, ECF No. 39.

DATED this 1st day of February, 2023.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge

---

[7] Rule 20 is the Rule about Permissive Joinder of Parties.  Fed. R. Civ. P. 20(a)(2).